The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick, plaintiff's assignment of error and defendant's brief. Oral arguments before the Full Commission were waived by Order. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission modifies the prior Opinion and Award regarding future medical treatment and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing on 18 May 1998 as:
 STIPULATIONS
1. Plaintiff ended his employment with defendant on 15 March 1997. He is currently employed as a millwright by Inco Construction.
2. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
3. The parties' Industrial Commission Form 21, Agreement for Compensation for Disability and Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, having been approved by the Industrial Commission, constitute awards and are hereby incorporated by reference.
***********
 EVIDENTIARY RULINGS
The objections appearing in the depositions of Drs. Kihlstrom and Nitka are OVERRULED.
***********
Based upon evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing on 18 May 1998, plaintiff was forty-seven years old. He had graduated from high school, but had received no additional formal education or training. Plaintiff's work history consisted primarily of work in high steel construction and as a millwright. Plaintiff was also a steelworker for approximately ten years. During the most recent twenty years, plaintiff worked primarily as a millwright. As a millwright, plaintiff was generally responsible for installing new machinery and removing machinery from various industrial sites.
2. Following his injury on 5 January 1995, plaintiff came under the care of Dr. Kihlstrom, a neurosurgeon. Dr. Kihlstrom ultimately treated plaintiff's injury surgically, by removing a free fragment at the L5-S1 level.
3. After recovering from his injury and returning to work for defendant, plaintiff worked as a foreman on a millwright work crew. Near the end of 1996, defendant reduced its work force as it began nearing the completion of a particular project. When defendant reduced its work force, plaintiff began working as a millwright. After assuming the more strenuous duties of a millwright, plaintiff began experiencing increased back pain. On 4 December 1996, he presented to Dr. Stafford, who ordered a MRI and referred plaintiff to Dr. Nitka.
4. Despite his increased back pain, plaintiff continued working until he voluntarily terminated his employment with defendant on 15 March 1998. Plaintiff left his position with defendant so he could accept employment with Fluor Daniels, which was closer to his home.
5. Plaintiff began working as a millwright for Fluor Daniels two days after he terminated his employment with defendant. In his new employment, plaintiff earned wages equal to or greater than the wages he earned on 5 January 1995. Plaintiff worked for Fluor Daniels for three months. This employment was terminated when Fluor Daniels completed the project for which plaintiff was hired.
6. Following the ending of his work with Fluor Daniels, plaintiff immediately began working for Southern Industrial. Plaintiff worked for this new employer until August 1997 when the employer completed the project for which plaintiff had been hired. Plaintiff then returned to work for Fluor Daniels and continued working in that capacity until 18 December 1997 when the project for which he had been hired was completed.
7. On 8 January 1998, plaintiff began working for his present employer, Inco Construction. Plaintiff works for Inco Construction as a lead person. The duties of this position are generally supervisory in nature with plaintiff working ten hours per day, four days per week. Plaintiff works on his feet, either walking or standing for seven hours per day and lifts objects weighing as much as forty pounds approximately four times per day.
8. Since returning to work for defendant, plaintiff has been capable of earning wages equal to or greater than the wages he earned on 5 January 1995.
9. Plaintiff's reached maximum medical improvement regarding his 5 January 1995 injury by accident on 24 May 1996. On that date, plaintiff had a five percent (5%) permanent impairment of his back as a result of his 5 January 1995 injury. Defendant paid plaintiff permanent partial disability compensation for fifteen weeks beginning 24 May 1996.
10. Plaintiff came under the care of Dr. Nitka on 5 February 1997. Dr. Nitka diagnosed plaintiff as having degenerative disc disease. Dr. Nitka opined that plaintiff has a ten percent (10%) permanent impairment of his back. However, in arriving at this opinion, Dr. Nitka did not have the benefit of reviewing the diagnostic studies that were performed while plaintiff was under Dr. Kihlstrom's care. Additionally, Dr. Nitka did not review the results of the functional capacity evaluation that was used by Dr. Kihlstrom when he assigned an impairment rating and considered plaintiff's work restrictions.
11. There is some evidence that plaintiff's degenerative disc disease has progressed since plaintiff last received a payment of compensation pursuant to an award of the Industrial Commission. However, the evidence of record is insufficient to prove by its greater weight that the progression of his degenerative disc disease was caused, aggravated or accelerated by his injury on 5 January 1995.
12. Plaintiff continues to have a five percent permanent impairment of his back.
13. It is substantially likely that plaintiff will require future medical treatment as the result of his 5 January 1995 injury by accident. At this time, it is impossible to foresee whether or not this future medical treatment will include surgical procedures.
14. Since the last payment of compensation pursuant to a final award of the Industrial Commission, plaintiff has not sustained a substantial change of his condition affecting his earning capacity.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has not sustained a substantial change of his physical condition affecting his earning capacity and therefore is entitled to no additional temporary or permanent disability compensation. G.S. § 97-47.
2. As the result of his 5 January 1995 injury by accident, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred in the future. G.S. § 97-25; G.S. § 97-25.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay for all related future medical expenses incurred as the result of plaintiff's 5 January 1995 injury by accident.
2. Defendant shall pay the costs, including $300.00 to Dr. Nitka as an expert witness fee.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN